# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                         CIVIL ACTION NO. 2:25-cv-00201

**2012 JEEP WRANGLER bearing VIN No. 1C4AJWAG7CL224871,
2022 TOYOTA CAMRY bearing VIN No. 4T1S11AK1NU045519,
and REAL PROPERTY SITUATED AT 336 Hawthorne Drive,
Charleston, Kanawha County, West Virginia,**

      **Defendants.**

[Carolyn Jarrell]

## VERIFIED COMPLAINT OF FORFEITURE

Comes now the United States of America, by and through its attorneys, Lisa G. Johnston, Acting United States Attorney for the Southern District of West Virginia, and Justin A. Marlowe, Assistant United States Attorney for the Southern District of West Virginia, respectfully brings this Verified Complaint in rem (the "Complaint") and alleges as follows in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

This is a civil action in rem brought on behalf of the United States of America, pursuant to 18 U.S.C. § 983, to enforce the provisions of 21 U.S.C. § 881(a)(6), for the forfeiture of a 2012 Jeep Wrangler bearing VIN 1C4AJWAG7CL224871, 2022 Toyota Camry bearing VIN 4T1S11AK1NU045519, and Real Property Situated AT 336 Hawthorne Drive, Charleston, Kanawha County, West Virginia, which constitutes proceeds of the sale of, or which was used or intended to be used in any manner or part to commit or to facilitate the commission of one or more violations of the Controlled Substances Act, 21 U.S.C. § § 801 et seq.

**THE DEFENDANT IN REM**

1. The defendant vehicle is a 2012 Jeep Wrangler bearing VIN 1C4AJWAG7CL224871 ("Jeep Wrangler"). The defendant vehicle is not in the custody of the United States or any of its agents.

2. The defendant vehicle is a 2022 Toyota Camry bearing VIN 4T1S11AKINU045519 ("Toyota Camry"). The defendant vehicle is not in the custody of the United States or any of its agents.

3. The defendant real property is situated at 336 Hawthorne Drive, Charleston, West Virginia, together with all improvements thereon and appurtenances thereto, and being more particularly described in that certain deed recorded in the Office of the Clerk of the Kanawha County Commission, West Virginia, in Deed Book 3120 page 778. ("real property"). More specifically described as:

BEGINNING at a point in the westerly line of Hawthorne Drive, said point being in said westerly line of Hawthorne Drive a common corner between Lots Nos. 336 and 337 of the Edgewood Heights Addition to the City of Charleston, West Virginia, thence from said beginning point and running along the westerly line of Hawthorne Drive S. 27°50' W.50 feet to a point in said westerly line of Hawthorne Drive, said last mentioned point being also a common corner between Lots Nos. 335 and 336 of the aforesaid Edgewood Heights Addition to the City of Charleston, West Virginia; thence leaving Hawthorne Drive and running through said Lot No. 335 N. 49°30' W. 57.08 feet to a point in said Lot No. 336; thence rennin across a portion of Lot No. 336, N. 28° 53' E. 39.42 fee; to a point in the division line between Lots Nos. 336 and 337 S. 60° 10' E. 55 feet to a point of beginning.

The defendant real property is not in the custody of the United States or any of its agents.

## JURISDICTION AND VENUE

4. Plaintiff, United States of America, brings this action in rem in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1), since the acts or omissions giving rise to the forfeiture occurred in this district.

6. Upon the filing of this verified complaint, the plaintiff requests that the Clerk of this Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the seized personal property, pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. Venue is proper in this district pursuant to 28U.S.C. § 1355(b)(1)(A), because the acts or omission giving rise to the forfeiture occurred in this district and, pursuant to 28 U.S.C. § 1395(b) because the property is located in this district.

## STATUTORY BACKGROUND

8. Pursuant to 28 U.S.C. § 2461(c), 21 U.S.C. § 853, and Rule 32.2(a) of the Federal Rules of Criminal Procedure, upon the conviction of an offense in violation of 21 U.S.C. § 841(a)(1) shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses and any property used, intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

9. Pursuant to 21 U.S.C. § 881(a)(6) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code; all proceeds traceable to such an exchange, an all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, Subchapter I, of the United States Code are forfeitable to the United States.

## BASIS FOR FORFEITURE

10. The Defendant Jeep Wrangler, Toyota Camry and real property are subject to forfeiture to the United States Pursuant to 21 U.S.C. § 841 on the grounds that they are the proceeds of or derived from the proceeds of or was intended to be used to facilitate one or more controlled substance violations.

11. The Defendant Jeep Wrangler, Toyota Camry and real property are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that they constitute a thing of value furnished or intended to be furnished in exchange for a controlled substance in violation of 21 U.S.C. § 801 et seq., or is proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more controlled substance violations.

## FACTS

12. On February 22, 2022, Carolyn Jarrell purchased the real property for $500.00. A review of Carolyn Jarell's financials shows that no cash withdrawals occurred from her bank account at the time of the purchase of the real property. Carolyn Jarrell's

legitimate income was deposited. Members of the Drug Enforcement Agency also believe the property was purchased from drug proceeds based on an interview with Tracey Brown.

13. On January 12, 2023, Deputy Debiel with the Kanawha County Sheriff's Office observed the Toyota Camry traveling more than 90 miles per hour in the Charleston area of Interstates 64 and 77. A traffic stop was performed on the vehicle at the Greenbrier Street exit in Charleston, Kanawha County, West Virginia. The driver of the Toyota Camry was Carolyn Jarrell.

14. Located on the floorboard of the Toyota Camry was United States Currency in denominations of $20 and $50 bills. Located in the driver's door was a significant amount of plastic baggies commonly used for distribution of controlled substances. Also located in the Toyota Camry was two ammunition boxes containing ammunition.

15. 4 bags of controlled substances were recovered from inside the Toyota Camry. One bag weighing approximately 15.45 of Fentanyl. One bag weighing approximately 3.33 of Fentanyl. One bag weighing approximately 37.27 grams of Fentanyl. One bag weighing approximately 37.27 grams of methamphetamine.

16. $1750 was administratively seized and forfeited as drug proceeds by the Kanawha County Sheriff's Department.

17. On April 26, 2023, members of the Drug Enforcement Agency attempted a controlled purchase with Tracey Brown. Tracey Brown was in a relationship with Carolyn Jarrell and the controlled purchase was to take place at their shared residence at 100 Lavender Street, Chelyan, Kanawha County, West Virginia. A confidential source ("CS")

went to the residence at 100 Lavender Street for the attempted controlled purchase. Carolyn Jarrell arrived at the residence in the Toyota Camry and meet with the CS. The attempted controlled purchase was for a half a pound of methamphetamine. Carolyn Jarrell informed the CS that they would have to wait for Tracey Brown to return to re-supply the controlled substances to complete the transaction.

18. On June 9, 2023, DEA TFO Vernon received information from a CS that Carolyn Jarrell had purchased the Jeep Wrangler with drug distribution proceeds.

19. On August 23, 2023, Tracey Brown met with DEA TFO Vernon and other investigators. Tracey Brown informed investigators that he would have "bricks" or heroin and Fentanyl to sell. Tracey Brown admitted that between him and his partner, who investigators know to be Carolyn Jarrell were able to distribute 200 grams of heroin per week at $100.00 a gram.

20. On September 13, 2023, a CS went to the residence of Carolyn Jarrell located at 100 Lavender Street for the purpose of purchasing a quarter pound of Methamphetamine for $800.00. The CS was informed by Tracey Brown that they were out of methamphetamine but had Fentanyl. Later, Carolyn Jarrell arrived at the residence in the Toyota Camry, transporting the Fentanyl and completed the Fentanyl transaction for $600.00.

21. On October 2, 2023, a CS informed DEA TFO Vernon that the CS had contact with Carolyn Jarrell earlier that day. Carolyn Jarrell was driving the Toyota Camry, and the CS observed several baggies filled with ounces of methamphetamine located in the trunk of the vehicle.

22. On October 4, 2023, investigators placed a global positioning system ("GPS") tracker on the Toyota Camry. On October 7, 2023, The Toyota Camry, Jeep Wrangler, and a Ford F-150 were used to travel to Ohio to resupply their Methamphetamine and Fentanyl for distribution. A CS confirmed this trip and informed investigators that Carolyn Jarrell and Tracey Brown would hide methamphetamine and Fentanyl in the vehicles at their residence, including the Jeep Wrangler.

23. On October 7, 2023, investigators were informed by a CS that Carolyn Jarrell and Tracey Brown had recently returned from another trip to Ohio to resupply methamphetamine and Fentanyl for distribution. The GPS tracker on the Toyota Camry confirmed the trip to Ohio.

24. At some point Tracey Brown and Carolyn Jarrell moved to 551 Youngs Bottom, Elkview, Kanawha County, West Virginia. A search warrant on the 551 Youngs Bottom address was executed on December 13, 2023. 16 Pounds of methamphetamine was recovered from the residence belonging to Carolyn Jarrell and Tracey Brown.

**THE DEFENDANT VEHICLES**

25. The Defendant Toyota Camry and Jeep Wrangler are subject to forfeiture to the United States pursuant to 21 U.S.C. § 841, as proceeds of or money that is intended to be used to facilitate further violations of illegal drug trafficking.

## THE DEFENDANT REAL PROPERTY

26. The Defendant Real Property is subject to the United States pursuant to 21 U.S.C. § 841, as proceeds of or money that is intended to be used to facilitate further violations of illegal drug trafficking.

## CLAIMS FOR FOREFEITURE

27. The allegations contained in paragraphs 1 through 27 of this Complaint are incorporated herein and made a part hereof.

28. As a result of the foregoing, the defendant in rem is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461(c) as property that represent the proceeds of or is derived from the proceeds of a violations of 21 U.S.C. § 841, or is intended to be used to facilitate a violation of 21 U.S.C. § 841.

29. As a result of the foregoing, the defendant in rem is subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 981 as property that represent the proceeds of or is derived from the proceeds of a violation of 21 U.S.C. § 841, which is a specified unlawful activity.

30. The defendant in rem is also subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Subchapter I, of the United States Code.

31. As a result of the foregoing, the defendant properties, and all property traceable thereto are subject to condemnation and to forfeiture to the United States, in accordance with 21 U.S.C. § 881.

## CONCLUSION

By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant properties vested in the United States at the time of the commission of the unlawful acts giving rise to forfeiture has become and is forfeitable to the United States.

WHEREFORE, the United States of America requests that the Clerk of this Court issue a warrant for the arrest and seizure of the defendant in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, which the plaintiff will execute upon the defendants in rem pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c); that notice of this action be given to all persons who reasonably appear to be potential claimant(s) to the defendant in rem; that the defendant in rem be forfeited and condemned to the United States of America; and that the Court grant such other an further relief it deems just and Proper.

                                        Respectfully submitted,

                                        LISA G. JOHNSTON
                                        Acting United States Attorney

By:    s/Justin A. Marlowe
        JUSTIN A. MARLOWE
        Assistant United States Attorney
        WV State Bar No. 9695
        300 Virginia Street East, Room 4000
        Charleston, WV 25301
        Telephone:  304-345-2200
        Fax:  304-340-7851
        E-mail: justin.marlowe@usdoj.gov
        *Counsel for United States of America*

## VERIFICATION

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, TO-WIT:

I, Task Force Officer, Jonathan M. Vernon, an agent with the United States Drug Enforcement Administration, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Verified Complaint for Forfeiture in rem is based upon reports and information I personally have prepared or gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except where stated to be upon information and belief, in which case I believe it to be true.

Executed on March 25, 2025.

JONATHAN M. VERNON

Taken, subscribed and sworn to before me this 25 day of March 2025.

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
ANGELA M. JOHNSON
1694 Doulton Avenue, Huntington, WV 25701
My Commission Expires Mar. 17, 2026

Notary Public

My commission expires on March 17, 2026.